UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Official Time Stamp
U.S. Bankruptcy Court
Northern District of Ohio

In re:                                    )      Case No.  11-18295
                                          )
THOMAS A. LARKINS and                     )      Chapter 7
ALICIA M. LARKINS,                        )
                                          )      Chief Judge Pat E.  Morgenstern-Clarren
                         Debtors.         )
                                          )      **MEMORANDUM OF OPINION**
                                          )      **AND ORDER**


  This dispute between the chapter 7 trustee and the debtor Thomas Larkins centers on his

2011 Lincoln Electric Company bonus:  Is the debtor entitled to exempt part of it from his

bankruptcy estate because it is "earnings"?  The trustee moves that the bonus be turned over to

him and the debtor objects, claiming an exemption.  For the reasons stated below, the debtor's

amended exemption claim is denied and the trustee's amended motion is granted.

## I.  JURISDICTION

  Jurisdiction exists under 28 U.S.C. 1334 and General Order No. 2012-7 entered by the

United States District Court for the Northern District of Ohio on April 4, 2012.  This is a core

proceeding under 28 U.S.C. § 157(b)(2)(E), and it is within the court's constitutional authority as

analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

## II.  FACTS

  The trustee and the debtor stipulated to these facts:[1]

  The debtor and his spouse filed a chapter 7 case on September 24, 2011.  The debtor, who

is employed by Lincoln Electric Company, did not schedule his contingent interest in his bonus

_____
 [1] Docket 38.

on schedule B (personal property). He did, however, testify at his meeting of creditors that he anticipated receiving a bonus in December 2011. The trustee filed a motion for the debtor to turn over the bonus.

When the debtor received the bonus, he sent the trustee $20,427.19, which represented the net amount of the bonus after deducting taxes and other withholdings. The debtor also amended his schedule B to list the bonus with a value of $29,372.74, and schedule C to claim an exemption in the amount of $22,029.56 under Ohio Revised Code § 2329.66(A)(13). The trustee responded with an amended motion for turnover and objection to the amended exemption claim.

Lincoln Electric Employees' Handbook,[2] under the heading "Compensation," governed the profit sharing bonus and the debtor's eligibility to receive it at the time he filed his chapter 7 case:

### Profit Sharing Bonus

Every year since 1934, eligible employees have received a profit sharing bonus in December. The bonus is not guaranteed, and it does not happen automatically. The bonus is paid at the discretion of the Board of Directors of the Company and only if the Company is able to earn a profit. The size of the overall bonus is based on the profits of the Company, while your share is based on your individual pay and performance during the year. When the company is successful in generating a profit, a portion is shared with employees as a reward for their part in earning the profit . . . .

### Bonus Eligibility

Generally, to be eligible for bonus payment, you must be a Regular Employee and you must have been on the payroll prior to November 1 of the year in which a bonus is paid. Employees who leave the Company prior to August 1 will not be eligible to receive a bonus unless they leave due to retirement, military leave of

---

[2] Section 3 of the Employees' Handbook, exh. B to the Stipulations. (Docket 38).

2

absence, maternity leave of absence or permanent and total
disability . . . .

Bonus-eligible employees with one year of service or more who
leave the Company between August 1 and the bonus payment date
are eligible to receive a bonus only if approved by the Chairman
and Chief Executive Officer. If approved, the bonus amount will
be reduced by the number of days not worked during the calender
year . . . .

Bonus eligibility does not guarantee a bonus. It merely establishes
an individual's ability to share in any bonus that may be declared in
a particular year. Our Company Chairman and Chief Executive
Officer is the final authority on bonus eligibility.

The parties agree that the pro-rated prepetition portion of the bonus is $21,442.10.

### III. <u>DISCUSSION</u>

### A. <u>Property of the Estate</u>

The debtor's chapter 7 filing created a bankruptcy estate which includes all of the legal
and equitable interests he had in property at the time he filed the case. 11 U.S.C. § 541(a)(1).
The debtor's contingent interest in his Lincoln Electric bonus at filing is an asset of his
bankruptcy estate. *In re Miller*, 2011 WL 3741846 (Bankr. N.D. Ohio 2011).

### B. <u>Exemptions</u>

A chapter 7 debtor may exempt–or remove–certain property from his bankruptcy estate.
*See* 11 U.S.C. § 522. Each state may choose to use the federal bankruptcy exemption provisions
set out in Bankruptcy Code § 522(d) or to opt out of them and use its own exemptions from its
general debtor-creditor law. 11 U.S.C. § 522(b)(2). Ohio has opted out. OHIO REV. CODE
§ 2329.662. When a state opts out, a debtor filing in that state may use the state exemptions as
well as those available under federal law other than § 522(d). 11 U.S.C. § 522(b)(3).

3

In this case, the debtor claims[3] the bonus as exempt under two Ohio exemption provisions: § 2329.66(A)(13) and § 2329.66(A)(17) as it incorporates 15 U.S.C. § 1673, a provision of the federal Consumer Credit Protection Act. The trustee, who objects to both exemptions, bears the burden of proof. FED. R. BANKR. P. 4003(c).

## Ohio Revised Code § 2329.66(A)(13)

Ohio law provides that a debtor may hold certain property exempt "from execution, garnishment, attachment, or sale to satisfy a judgment or order[.]" OHIO REV. CODE § 2329.66(A). The legislature adopted the exemptions to "protect funds intended primarily for maintenance and support of the debtor's family." *Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 504 N.E.2d 1100, 1103 (Ohio 1986). The exemptions are to be liberally construed in favor of the debtor where possible. *Id.* at 1104-5.

Ohio Revised Code § 2329.66(A)(13) provides, in relevant part, that a debtor may exempt a specified amount of "personal earnings of the person owed to the person for services[.]" If this exemption applies here, the parties stipulated that the trustee may recover only $5,360.52 of the bonus. The parties disagree as to whether the bonus is properly characterized as "personal earnings." The debtor's position is that Lincoln Electric paid him this money for his work and services to the company; thus, they are personal earnings. In opposition, the trustee relies on two Ohio decisions which characterize a Lincoln Electric bonus as being other than personal earnings: *Kalasunas v. Brydle*, 1987 WL 13028 (Ohio Ct. App. 1987) and *Bank One, Cleveland, N.A. v. Lincoln Elec. Co.*, 563 N.E.2d 381 (Ohio Ct. Com. Pl. 1990).

_____

[3] As the trustee notes in his brief, the debtor did not assert the § 2329.66(A)(17) exemption on his amended schedule C. The court will, however, address it because both parties briefed the issue.

4

As noted by the Bankruptcy Appellate Panel of the Sixth Circuit, Ohio courts have not defined the term "personal earnings" for purposes of § 2329.66(A)(13). *See Colbert v. Baumgart (In re Colbert)*, 385 B.R. 799 at *3 (B.A.P. 6th Cir. 2007) (unpublished opinion). However, the term *is* defined for purposes of the related section regarding garnishment as "money or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer." OHIO REV. CODE § 2716.01(C)(2). And that definition is applied under § 2329.66(A)(13). *See Marco v. Wilhelm*, 468 N.E.2d 771, 772 (Ohio Ct. App. 1983); *see also In re Colbert*, 385 B.R. 799 at *3. The two cases cited by the trustee discuss the meaning of "personal earnings" in that context.

In *Kalasunas,* an unreported opinion,[4] the appellant had filed for trusteeship under state law. *See* OHIO REV. CODE § 2329.70. This filing protected the appellant's personal earnings from garnishment, but did not similarly protect other property. The appellate court affirmed the trial court's characterization of the appellant's Lincoln Electric bonus as being other than personal earnings, citing the evidence presented as to the discretionary nature of the bonus.

In *Bank One, Cleveland,* the trial court considered whether a defendant's Lincoln Electric bonus was personal earnings, which would make "garnishment . . . the appropriate tool and the amount of funds subject to garnishment . . . limited by state and federal statute . . . [or whether] the bonus . . . [was] an asset accessible only through a creditor's bill, but reachable in the full amount." 563 N.E.2d at 383. Following *Kalasunas,* the court held that the bonus fell outside the definition of personal earnings because it was paid at the employer's discretion.

---

[4] A case that is not published in the Ohio Official Reports may be cited as legal authority and given weight as deemed appropriate by the courts. OHIO S. CT. R. REP. OP. 4(B).

In addition to the cases cited by the trustee, a number of other Ohio cases have viewed the discretionary nature of a payment as being determinative of whether the payment is personal earnings. *See Am. Transfer Corp. v. Talent Transp., Inc.*, 2011 WL 208287 at *3 (Ohio Ct. App. 2011) ("Discretionary income is not payment for services rendered. It is payment that the worker is not automatically entitled to, such as a bonus based on the availability of the company's profits for the year."); *Harris v. Craig*, 2002 WL 31123862 at *3 (Ohio Ct. App. 2002) (noting that if the payment was discretionary then the entire amount was accessible through a creditor's bill, but if the payment was non-discretionary then garnishment was the appropriate tool as limited by the state and federal statutes); *Riley v. Kessler*, 441 N.E.2d 638, 640 (Ohio Ct. Com. Pl. 1982) (noting that employees had a right to receive vacation pay under a collective bargaining agreement in determining that such pay was personal earnings subject to garnishment under the limits set by § 2329.66(A)(13)).

The parties stipulated that Lincoln Electric paid this bonus in its sole discretion. Applying those facts to the Ohio case law, the court concludes that the bonus is not exempt as "personal earnings" under § 2329.66(A)(13).

## Ohio Revised Code § 2329.66(A)(17)

The debtor also claims that the bonus is exempt under Ohio Revised Code § 2329.66(A)(17), which exempts "[a]ny other property that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the 'Bankruptcy Reform Act of 1978' . . . as amended[.]" OHIO REV. CODE § 2329.66(A)(17). This provision incorporates federal non-bankruptcy laws that protect property from garnishment, including 15 U.S.C.§ 1673, which is part of the Consumer Credit Protection Act (CCPA). *In re Jones*, 318

6

B.R. 841, 846-47 (Bankr. S.D. Ohio 2005). Congress enacted the CCPA to, among other things, protect consumers from certain predatory practices by creditors. To that end, § 1673 limits the amount that a creditor can garnish from an individual's disposable earnings–generally protecting 75 percent of a debtor's earnings from garnishment. *See* 15 U.S.C. § 1673 (a).

For purposes of § 1673, the term "earnings" means "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). And "disposable earnings" means "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C. § 1672(b).

The dispute here is whether the bonus falls within the definition of "earnings." The trustee argues that § 1673 does not exempt the debtor's bonus because the term "earnings" is not substantively different for these purposes than the term "personal earnings" used in the Ohio exemption provision. The debtor, on the other hand, argues that the CCPA definition is more expansive, and is broad enough to encompass his bonus.

The definition of "earnings" in § 1672(a) is certainly broader than the definition of "personal earnings" under the Ohio exemption, and includes a payment denominated as a "bonus or otherwise." That definition is to be given its plain meaning other than in the "rare cases [in which] the literal application of [the] statute will produce a result demonstrably at odds with the intention of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (citation and internal quotation marks omitted) (alteration in original). Although the debtor's bonus would seem to fit within the plain terms of § 1672(a), the United States Supreme Court

7

has, in a case under the former Bankruptcy Act, considered the legislative intent behind the provision and held that the terms "earnings" and "disposable earnings" are limited to "periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation." *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974) (internal quotation marks and citation omitted). In reaching this conclusion, the Supreme Court stated that "[t]here is every indication that Congress . . . sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Id.* The fact, then, that this debtor's bonus was paid in a lump sum and was not compensation which he could count on to support himself and his family on a week-to-week or month-to-month basis puts the bonus outside of the exemption. *See Pallante v. Int'l Venture Invs., Ltd.*, 622 F. Supp. 667, 669 (N.D. Ohio 1985) ("The fact that a severance payment is made in a lump sum places it outside the statutory provision."); *In re Radez*, 2009 WL 1404326 at *3 (Bankr. S.D. 2009) ("It is clear that both the CCPA and its Indiana counterpart protect from garnishment only the stream of wages paid on a period basis which a debtor relies on 'week-to-week' and 'month-to-month' to pay necessary living expenses."); *but see BancOhio Nat'l Bank v. Box*, 580 N.E.2d 23, 25 (Ohio Ct. App. 1989) (noting that the sole criteria under § 1672 is whether the funds represent compensation for personal services and that payments need not be periodic to qualify as earnings).

8

## IV. <u>CONCLUSION</u>

For the reasons stated, the trustee's objection to the debtor's exemption claim is sustained.  (Docket 30).  Additionally, the trustee's amended motion for turnover is granted in the stipulated amount of $21,442.10.  (Docket 15, 28).

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge